IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel., | ) | |
| JEREMIAH W. NIXON, | ) | |
| Attorney General of Missouri, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4064-CV-C-SOW |
| | ) | |
| VICKI LYNN WILLIAMS, Register No. 081537, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On March 27, 2006, defendant Vicki Lynn Williams, an inmate confined in a Missouri penal institution, filed with this court a notice of removal of a state action filed against her under the Missouri Incarceration Reimbursement Act (MIRA).[1] Plaintiff has filed suggestions in opposition to removal and a motion to remand.

Upon review, 28 U.S.C. § 1441 does not provide this court jurisdiction to grant removal of this case. "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court, . . . ." Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000). "[F]ederal defenses do not provide a basis for removal." Caterpillar Inc. v. Williams, 482 U.S. 386, 399 (1987).

Defendant's allegations challenging the MIRA are, in essence, claims that state employees violated her due process rights under the Fourteenth Amendment when they claimed reimbursement from monies deposited in her prisoner account. This is nothing more than a constitutional defense to a state claim. Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages. Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990); Sours v. Armontrout, No. 87-1240, slip op. (8th Cir. June 1, 1987) (unpublished). Thus, defendant's due process objection lacks merit, and, in any event, constitutional defenses can be presented in the state court proceeding.

Therefore, because adequate state post-deprivation remedies do exist under the MIRA, defendant is afforded due process, and has no constitutional claim. Eccher v. Kemna, 141 F.3d 1168, 1998 WL 104703 (8th Cir. 1998) (unpublished) (citing Hudson, 468 U.S. at 533). See also State ex rel. Nixon v. Taylor, 25 S.W.3d 566 (Mo. Ct. App. 2000). Defendant's claims challenging the state's MIR petition fail to allege a valid federal cause of action and are not removable to federal court. Rather, defendant's claims are proper before the Missouri state courts and should be remanded.

For the reasons set forth above, the court finds plaintiff's motion for remand to have merit and should be granted.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion for remand be granted and this case be remanded to the Circuit Court of Cole County, Missouri [4]. It is further

RECOMMENDED that costs be assessed against defendant Williams.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 5th day of July, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3